IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS W. OLICK, | |
| Plaintiff, | |
| v. | CIVIL ACTION<br>NO. 15-5786 |
| COMMONWEALTH OF PA, CITY OF EASTON, CITY OF EASTON POLICE DEPARTMENT, OFFICER BRUNEO, SERGEANT MARACINNI and LIEUTENANT LOHENITZ, | NO. 15-5820 |
| Defendants. | |

## MEMORANDUM OPINION

**Schmehl, J.  /s/ JLS**                                              **November 10, 2016**

## I.       INTRODUCTION

These two consolidated cases both arise from the same action that occurred on

August 13, 2015, when Plaintiff, Thomas Olick, entered the lobby of the Easton Police

Department. As a result of interactions between Plaintiff and Defendant Maracinni,

Plaintiff was charged with and later convicted of harassment on November 5, 2015. On

October 21, 2015, Plaintiff filed an application to proceed in this court *in forma pauperis*,

along with a document that he termed a "Notice of Removal," which sought to "remove"

his state summary criminal matter to federal court and demanded a jury trial. Plaintiff

also filed an "Amended Counter-claim" with his "removal" which sought damages from

defendants for alleged violations of his civil rights. This attempted removal was docketed

at civil action number 15-5786.

Five days after filing his "removal," Plaintiff filed another matter with this court

pursuant to another *in forma pauperis* petition that was docketed at civil action number

15-5820. In this action, he sought damages for alleged violations of his civil rights and violations of Pennsylvania's open records law. Plaintiff also sought expungement of his state criminal charges and made claims for state assault and battery and harassment.

Defendants filed an opposition to Plaintiff's removal in 15-5786 and a motion to dismiss Plaintiff's Complaint in 15-5820. There are also multiple motions pending in both cases. This opinion and accompanying order will resolve all motions and dismiss both of Plaintiff's civil actions.

## II.     CIVIL ACTION 15-5786 – ATTEMPTED REMOVAL

First, I will address Plaintiff's "Notice of Removal" and Defendant's Motion in Opposition to Plaintiff's Removal and Amended Counter-Claim in action 15-5786.

In order for a case to be removable to federal court, this Court must have jurisdiction over it due to federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state court actions that originally could have been filed in federal court may be removed to federal court." Kline v. Security Guards, Inc., 386 F.3d 246, 252 (3d Cir. 2004.) The party seeking removal bears the burden of establishing federal jurisdiction. Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc., 809 F.2d 1006, 1010 (3d Cir. 1987).

Removal from state court to federal court is governed by 28 U.S.C. § 1441, called "Removal of Civil Actions." This section states, in pertinent part, "Except as otherwise expressly provided by Act of Congress, any **civil** action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441 (emphasis

2

added). A thorough review of this section shows that it does not contemplate the removal of a state criminal action to federal court. Further, even if removal of a state criminal matter was permitted, this Court would not have jurisdiction over such claim. Plaintiff is charged criminally with harassment. This is not a federal question. Further, there is no diversity of citizenship in this matter, as both Plaintiff and the state law enforcement agency that brought the charge against him are Pennsylvania parties.

Accordingly, as the federal removal statute clearly does not authorize the removal of a state criminal matter by a defendant to federal court, Plaintiff has failed to meet his burden to establish federal jurisdiction. Therefore, Plaintiff's "Notice of Removal" is dismissed, as is the "Amended Counter-Claim" that he attempted to file along with it. As this matter was never properly before this Court, I will deny as moot all of the remaining pending motions in civil action 15-5786, specifically Plaintiff's Motion to Vacate Defendants' Waivers of Service, Motion for Sanctions and Motion to Stay Enforcement of a Judgment. Therefore, civil action 15-5786 is dismissed.

III.     **CIVIL ACTION 15-5820**

Next, I will Plaintiff's civil rights case against Defendants which he filed in civil action 15-5820. Plaintiff's Complaint contains §1983 false arrest, false imprisonment and assault and battery claims against Defendants Bruneo and Maracinni, derivative "conspiracy" claims against Defendants Bruneo and Maracinni, a malicious prosecution claim against Defendant Maracinni, a derivative claim against the City of Easton, and state law open records request violations and an expungement request.

## A.  Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides that a complaint may be dismissed for "lack of subject matter jurisdiction." Fed.R.Civ.P. 12(b)(1).

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

## B.  Discussion

### 1.  False Arrest, False Imprisonment and Malicious Prosecution Claims

Counts II, III and IV of Plaintiff's Complaint assert § 1983 and state law claims for false arrest, false imprisonment, malicious prosecution, assault and battery and harassment against Defendants. It is undisputed that claims for false arrest, false imprisonment and malicious prosecution all require a plaintiff to prove a lack of probable cause. *See* Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007) (listing the elements of a malicious prosecution claim, including the initiation of a criminal proceeding without probable cause); Garcia v. County of Bucks, 155 F.Supp.2d 259, 265 (stating that in a false arrest claim, a plaintiff must "show that the arresting officer lacked probable cause to make the arrest"); Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995) ("where the police lack probable cause to make an arrest, the arrestee has a claim under §

1983 for false imprisonment"). Defendants argue that, because Plaintiff was convicted of the crime for which he was charged, he is precluded from bringing his claims for false arrest, false imprisonment and malicious prosecution under the "favorable termination" rule set forth by the Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1984), as a conviction proves the existence of probable cause.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus…A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87. This has become known as the favorable termination rule. In 2005, the Third Circuit interpreted Heck to mean that "a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." Gilles v. Davis, 427 F.3d 197, 208-09 (3d Cir. 2005).

In the instant matter, it is undisputed that Plaintiff was found guilty of harassment pursuant to 18 Pa.C.S.A. § 2709(a)(1) by the Honorable Antonia Grifo on November 5, 2015. Plaintiff appealed this conviction to the Northampton County Court of Common Pleas, and later withdrew his appeal pursuant to a "notice of withdrawal of appeal" that he filed in the instant matter. (See Docket No. 7.) Further, a review of the docket entries from Plaintiff's summary appeal to Northampton County shows that he appealed his

summary conviction on November 12, 2015, and on December 23, 2015, withdrew his appeal. On December 30, 2015, the Court ordered his appeal to be withdrawn.

Thereafter, on February 1, 2016, Plaintiff attempted to appeal his harassment conviction to the Superior Court, and on August 4, 2016, the Superior Court quashed his appeal and relinquished jurisdiction over it. Accordingly, as Plaintiff's appeal of his conviction was quashed by the Superior Court, it cannot be said that Plaintiff's harassment conviction ended favorably for him, as it was not reversed on direct appeal or impaired by any collateral proceedings. As stated by the Third Circuit, "a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009), *citing* Donahue v. Gavin, 280 F.3d 371, 383 (3d Cir. 2002). Plaintiff's harassment conviction clearly was not disposed of in a way that indicates his innocence. Accordingly, Plaintiff's conviction for harassment proves that there was sufficient probable cause to charge him with said crime, and due to the existence of probable cause, he has failed to state a claim under section 1983 for false arrest, false imprisonment or malicious prosecution and Defendants' motion to dismiss is granted on these claims.

## 2. Conspiracy Claim

Count II of Plaintiff's Complaint asserts a claim under § 1983 for conspiracy to unlawfully arrest and imprison him against Defendants Bruneo, Maraccini and the City. In order to state a claim for conspiracy under § 1983, the plaintiff must demonstrate (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy. Eichelman v. Lancaster Cty., 510 F. Supp. 2d 377, 392 (E.D. Pa. 2007), *citing* Marchese v. Umstead, 110 F.Supp.2d

361, 371 (E.D.Pa.2000). In the instant matter, as discussed above, Plaintiff cannot prove a deprivation of his civil rights; therefore, there can be no civil rights conspiracy claim and this claim will be dismissed.

### 3.   Claim Against City of Easton

Plaintiff's Complaint is somewhat unclear, but it appears that he is bringing a claim against the City of Easton and the Easton Police Department, alleging that they are derivatively liable for the actions of the officers. However, as discussed above, all civil rights claims against the officers fail as a matter of law; therefore, there can be no derivative liability against the City and the police department. Further, if Plaintiff is attempting to set forth a Monell claim against the City and the police department for improper training, such a claim would also fail, because when there is no underlying constitutional violation, as in this case, there can be no Monell claim. Monell v. New York Department of Social Services, 463 U.S. 658, 694 (1978); Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Accordingly, Plaintiff's claim against the City of Easton and the Easton Police Department fails as a matter of law.

### 4.   State Right to Know Law Claims

Plaintiff is asserting claims under the Pennsylvania Right–to–Know Law, 65 Pa. Cons.Stat. §§ 67.101, *et seq.* These claims must be dismissed because "state courts provide the exclusive forum for litigating claims under that statute." Hill v. Supervisor, No. 97–cv–4996, 1998 WL 175879, at *2 (E.D.Pa. Apr.8, 1998) (citing Martison v. Violent Drug Traffickers Project, No. 95–2161, 1996 WL 411590 (D.D.C. July 11, 1996), and Proffitt v. Davis, 707 F.Supp. 182 (E.D.Pa.1989)); 65 Pa. Cons.Stat. § 67.1302(a) (an appeal from a decision of an "agency," as defined under the Right-to

Know Law, must be brought before the "court of common pleas for the county where the local agency is located"); Pa. State Educ. Ass'n v. Commonwealth, 4 A.3d 1156, 1163 (Pa.Commw.Ct.2010) (same). Thus, Defendants' motion to dismiss the Pennsylvania Right–to–Know claims against them must be granted for lack of subject matter jurisdiction. The dismissal is without prejudice to plaintiff's right to file the claims in the appropriate forum. Degenes v. Mueller, No. 11-916, 2012 WL 260038, at *3 (W.D. Pa. Jan. 27, 2012).[1]

### 5. Expungement Claim

In his Complaint, Plaintiff also demands expungement of his criminal conviction. The Pennsylvania statute at issue allows expungement in certain limited circumstances. Specifically, it states:

> **(a) Specific proceedings.--**Criminal history record information shall be expunged in a specific criminal proceeding when:
>
> (1) no disposition has been received or, upon request for criminal history record information, no disposition has been recorded in the repository within 18 months after the date of arrest and the court of proper jurisdiction certifies to the director of the repository that no disposition is available and no action is pending. Expungement shall not occur until the certification from the court is received and the director of the repository authorizes such expungement;
>
> (2) a court order requires that such nonconviction data be expunged; or

---

[1] Even assuming this court could exercise pendent jurisdiction over this state claim, the court, which is dismissing all the federal claims asserted in this action, declines to exercise jurisdiction over these state law claims. *See* Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir.1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").

(3) a person 21 years of age or older who has been convicted of a violation of section 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages), which occurred on or after the day the person attained 18 years of age, petitions the court of common pleas in the county where the conviction occurred seeking expungement and the person has satisfied all terms and conditions of the sentence imposed for the violation, including any suspension of operating privileges imposed pursuant to section 6310.4 (relating to restriction of operating privileges). Upon review of the petition, the court shall order the expungement of all criminal history record information and all administrative records of the Department of Transportation relating to said conviction.

**(b) Generally.--**Criminal history record information may be expunged when:

(1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision.

(2) An individual who is the subject of the information has been dead for three years.

(3) (i) An individual who is the subject of the information petitions the court for the expungement of a summary offense and has been free of arrest or prosecution for five years following the conviction for that offense.

(ii) Expungement under this paragraph shall only be permitted for a conviction of a summary offense.

18 Pa.C.S.A. § 9122. Clearly, Plaintiff does not meet any of the above criteria. Even if he were to fall under section (b)(3) related to summary offenses, he has not been free of arrest or prosecution for five years after his conviction, as he was just convicted in 2015. Therefore, he is not entitled to have his criminal conviction or records expunged.[2]

### 6. Remaining State Law Claims

---

[2] I also note that Plaintiff's request for expungement of his criminal records belongs in the court of common pleas for the county in which he was convicted, not here in federal court.

Lastly, Plaintiff's Complaint includes state law assault and battery and harassment claims. A district court may decline to extend supplemental jurisdiction over a state law claim where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

In the present case, I have dismissed all constitutional claims over which this Court has original jurisdiction. The interests of judicial economy, convenience, fairness and comity will not be served by extending supplemental jurisdiction over the remaining assault and battery and harassment claims brought under state law. Therefore, I decline to exercise supplemental jurisdiction, and will dismiss these state-law claims without prejudice, so they may be refiled in state court, if Plaintiff so chooses.

## IV.    CONCLUSION

Plaintiff improperly attempted to remove a state criminal action to federal court in action number 15-5786 and that matter is dismissed with prejudice. In action number 15-5820, Plaintiff failed to plead any valid causes of action against defendants. Accordingly, Defendants' Motion to Dismiss case number 15-5820 is granted and this matter is dismissed.[3]

---

[3] Plaintiff has filed a plethora of motions, responses, replies, etc in this matter. I have examined and considered all of them, and, for the sake of clarity, state here that as I have granted Defendants' motion in action 15-5820 and have dismissed Plaintiff's complaint in its entirety, all pending motions in that case are denied as moot. However, if I were to consider the substance of those motions, I would deny them on substantive grounds as well. Plaintiff's "Motion to Vacate Waiver of Service" would be denied, as Plaintiff failed to effectuate proper service on defendants. Despite this failure, defendants still executed waivers of service and responded to Plaintiff's Complaint within the timeframe required by said waviers. Plaintiff's motion for sanctions against defendants would be denied, as defendants and their counsel have not conducted themselves improperly in this matter. Lastly, Plaintiff's "Motion to Stay Enforcement of Judgment" would also be denied, as this Court has no jurisdiction to stay a state criminal matter