IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS W. OLICK,

        Plaintiff,

    v.

SERGEANT MARACINNI,

        Defendant.

CIVIL ACTION
NO. 15-5820

## MEMORANDUM OPINION

**Schmehl, J.  /s/ JLS**                                         **June  13, 2019**

## I.    INTRODUCTION

Plaintiff brought the instant action seeking damages for alleged violations of his civil rights by Defendant Maraccini. After motions practice and an appeal to the Third Circuit, all that remains of Plaintiff's claims is an excessive force claim against Sergeant Maraccini.

## II.    DISCOVERY MOTIONS

Plaintiff has filed multiple discovery motions, all of which will be resolved in this opinion.

### A.  Motion to Reconsider

On December 2, 2018, Plaintiff filed a motion asking this Court to reconsider an order entered in this case on November 13, 2018, in which I denied Plaintiff's motion to compel discovery. On January 7, 2019, Plaintiff supplemented this motion for reconsideration.

The purpose of a motion for reconsideration of an order is to correct manifest errors of law or fact, or to present newly discovered evidence. *Max's Seafood Café v.*

*Max Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A prior decision may be altered or amended only if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id.* "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." *Cont. Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Moreover, a motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through-rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). "The motion for reconsideration should not be used as a vehicle for endless debate between the parties and the court." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

Plaintiff's Motion for Reconsideration and Supplement allege the exact same things that were previously alleged in Plaintiff's Motion to Compel that was denied on November 13, 2018. In the November 13, 2018 order, I examined the record and determined that Defendant had adequately responded to Plaintiff's discovery requests. Plaintiff has set forth no intervening change in the law, new evidence, or clear error of law or fact or manifest injustice that would require me to reconsider my November 13, 2018, denial of Plaintiff's motion to compel. Accordingly, Plaintiff's Motion for Reconsideration (Docket No. 53) and Supplement (Docket No. 59) are denied.

## B. Motion for Sanctions

On December 21, 2018, Plaintiff filed a Motion for Sanctions for Spoilage of Evidence. In this motion, Plaintiff seeks sanctions against Defendant for failing to produce to him a "threatening letter" that Plaintiff himself received from a former tenant, Melissa Dietz, for failing to produce a copy of a "Citizen's Complaint" that he personally completed and filed against Officer Bruneo and Dietz on August 13, 2015, for failing to produce a copy of a "Citizen's Complaint" that he personally completed and filed against Officer Maraccinni on August 18, 2015, as well as a report that was attached to the Citizen's Complaint, and for altering evidence by changing the numbers on an "Incident File."

Spoliation of evidence "occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. UPS*, 665 F.3d 68, 73-4 (3d Cir. 2012) (citations omitted); *see also First Senior Fin. Group LLC v. Watchdog*, 2014 WL 1327584, at *4 (E.D. Pa. Apr. 3, 2014). The party asserting that spoliation of evidence has taken place carries the burden of proof. *Stream Cos., Inc. v. Windward Adver.*, 2013 WL 376121 at *2 (E.D.Pa.2013); *Tabon v. University of Pennsylvania Health System*, 2012 WL 2953216 at *2 (E.D.Pa.2012).

In the instant matter, I find that Plaintiff has failed to meet his burden of proving that Defendant committed spoliation of evidence. First, the "threatening letter" in question was in Plaintiff's possession, as were both of the "Citizen's Complaints." Accordingly, it cannot be held that these three documents were in Defendant's control,

when they were Plaintiff's documents in the first place. Further, Plaintiff has failed to present evidence of actual suppression or withholding of evidence. To the contrary, a review of Defendant's responses to all of Plaintiff's discovery requests and motions shows that Defendant has been quite forthcoming with discovery, producing multiple documents to Plaintiff multiple times. The record shows no evidence of actual suppression of evidence. As for Plaintiff's allegation that Defendant committed spoliation of evidence by altering a number on an "Incident File," I find that even if an alteration of some incident file number occurred, such alteration would be irrelevant to the claims or defenses in this matter. Accordingly, Plaintiff has failed to prove that spoliation of evidence has occurred, and his motion is denied.

### C. Motion to Compel/Amended Motion to Compel Discovery

On February 21, 2019, Plaintiff filed a Motion to Compel production of Defendant's responses to his Requests for Admissions (Docket No. 65), alleging that he had served the requests upon Defendant on January 22, 2019, and had not yet received responses. Subsequently, on February 28, 2019, Plaintiff filed an Amended Motion to Compel (Docket No. 67), stating that he received Defendant's answers to his Requests for Admissions on February 26, 2019, and that there were "vague, non-responsive and/or insufficient."[1]

Plaintiff's Amended Motion to Compel takes issue with eleven of Defendant's responses to his Requests for Admissions. After a thorough review of both Plaintiff's Requests and Defendant's responses thereto, I have determined that all responses

---

[1] As Defendant did respond to the Requests for Admissions, Plaintiff's original Motion to Compel will be denied as moot.

provided by Defendant are adequate and in accord with the Federal Rules of Civil Procedure. Accordingly, Plaintiff's Amended Motion is denied.

III.     **<u>CONCLUSION</u>**

For the reasons set forth above, Plaintiff's pending discovery motions are denied.[2]

---

[2] Plaintiff also filed a Motion to Quash/Estop his Deposition that was scheduled to take place on February 25 or 28, 2019. As those dates have passed, Plaintiff's motion to stop his deposition is denied as moot.